IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IOU CENTRAL, INC. : | |
| d/b/a IOU FINANCIAL, INC. : | |
| : | |
| Plaintiff, : | |
| vs. : | Case No. |
| : | |
| THE LION'S CHOICE, LLC; : | |
| KINGLINE NUTRITION, LLC; : | |
| JEFFREY L. DENTON; : | |
| : | |
| Defendants : | |

## **COMPLAINT**

Plaintiff IOU sues the Defendants as follows:

1. Plaintiff is incorporated in Delaware, whose principal place of business is in Georgia, which is a citizen of both states per 28 U.S.C. § 1332.

2. Defendant Lion's Choice [Business] is a limited liability company whose sole member is Defendant Denton [Debtor] domiciled in and a citizen of Idaho per § 1332, also the sole member of Kingline Nutrition, LLC [Co-Debtor].

3. Per § 1332, jurisdiction exists in this case based upon diversity of citizenship between the parties and the amount in controversy exceeds $76,000.00, such as relief in law or equity. Per § 1367, jurisdiction exists over all claims.

4. This case concerns debt, property and relief valued in excess of $76,000.00, including damages and fees recoverable by contract and statute.

5. Under 28 U.S.C. § 1391 and § 90, venue is proper as a substantial part of the events or omissions giving rise to the claims occurred here or Defendants consented to this venue and personal jurisdiction to which they are subject.

6. Jurisdiction is proper to as to all Defendants, to which they are subject or otherwise agreed. A substantial part of the events or omissions giving rise to the claims occurred here. The Loan at issue was applied for, considered in, funded from and due to be performed in Georgia. It is governed by Georgia law, applicable to all claims at issue, which may be enforced here, as Debtor and Business agreed. Co-Debtor is related to Debtor and Business and bound by the Loan per their conduct in which they participated. It was foreseeable that all Defendants are bound by the Loan, whose rights derive from Debtor/Business as detailed below.

7. Personal jurisdiction exists and proper by law as all Defendants, their property and assets. They regularly engage in foreseeable, intentional, continuous and systematic contacts here, conduct or transact business here or perform work here, contract with citizens here or own property here. They have sufficient minimum contacts here, in general and as to this specific case. Their specific contacts relate to or gave rise to the claims at issue, who availed themselves to this

forum and could anticipate being sued here. They transacted a commercial loan with Plaintiff from which they benefitted. They directed communications and payments here regarding that loan. Exercising jurisdiction over them does not violate due process or offend traditional notions of fair play and substantial justice.

8. Business and Debtors conduct their food business as their enterprise, sharing its offices, officers, staff, property and assets, its common ownership, management and finances, which they adopted and ratified. They have actual and apparent authority to act on behalf of each other such as the transactions at issue. They share management, business, operations, assets and property and are closely related. It was foreseeable they would be bound by the Loan, whose rights derive from each other, whose conduct requires this result.

9. Business and Debtor applied for a commercial loan [Loan] at Plaintiff's office. They represented in the application that Debtor could bind Business, had the ability and intent to comply with the Loan, whose application information was truthful, upon which Plaintiff materially relied in providing the Loan, which all Defendants adopted and ratified.

10. On or about 09/30/2021 [Closing], Business, through Debtors, executed and delivered a sworn Note to Plaintiff for a gross loan amount/principal sum of $168,000.00 at Plaintiff's Georgia office, evidencing the Loan, agreeing they were

obtaining it for business and commercial purposes, to pay it per its term; by ACH debits, with simple interest and a loan guaranty fee; confirming all information in the loan application process [Note ¶¶ 1-5]. Business and Debtors ratified the Note by obtaining the Loan and Funds.

11. The Note is breached and in default if (i) its amounts are not received when due; (ii) Business breaches its warranties, representations, covenants, terms or conditions (iii) default under any guaranty or instrument, to enhance the Loan's underwriting; a bankruptcy, insolvency or receivership proceeding is commenced by or as to Business and not dismissed within 30 days (iv) Business ceases to exist (v) obtains another loan without written permission [Note ¶ 6] which Business and Debtors ratified by obtaining the Loan.

12. The Note is the unconditional legal obligation of Business to satisfy the Loan, with all others who are liable for it, such as Debtors who adopted and ratified it and waived defenses to it, aside from payment, as the Note provides:

> *Borrower and all others* who become liable for the payment of all or any part of the amounts due under this Note do hereby severally waive: (i) presentment and demand for payment; (ii) notice of dishonor, protest and notice of protest, acceleration and intent to accelerate, non-payment and all other notices of any kind, except for notices expressly provided for in this Note; and (iii) *any defense, including but not limited to the defense of the statute of limitations in any action or proceeding brought for the obligations due, arising under or related to this Note aside from the defense of payment in full.* No notice to or demand on Borrower shall be deemed to be a waiver

of the obligation of Borrower under this Note or the right of Lender to take further action without further notice to Borrower. [Note ¶13].

Borrower is and shall be obligated to pay principal, interest and any other amounts which shall become payable hereunder *absolutely and unconditionally and without any abatement, postponement, diminution or deduction and without any reduction for counterclaim or setoff* [emphasis added] [Note ¶14].

*Borrower may only assign its rights and obligations under this Note with Lender's written agreement, to which any merger, takeover or combination of Borrower with another entity is subject. However, any person or entity receiving a portion of the Funds of this Note, undisclosed to Lender, is deemed to have assumed liability for the Note, which is enforceable against that person or entity at Lender's sole election and discretion* [Note ¶ 22].

13.    The Note is governed by Georgia law and all others who are or become liable for or are bound by the Loan are subject to jurisdiction and venue in any action arising from or relating to the Loan [Note ¶¶ 20, 23, 24] which Business and Debtors assumed, adopted and ratified by obtaining the Loan and its Funds.

14.    The property and assets of Business with and all others who are liable for or are bound by the Loan, are encumbered as its collateral under a Security Agreement in the Note, which Business and Debtors adopted, accepted, from which they benefited and ratified by obtaining the Loan Funds, which provides:

> As security for the due and punctual payment of all amounts due or to become due and the performance of all obligations of Borrower from time to time under this Note and all extensions, renewals and amendments of any of the foregoing Borrower hereby pledges, transfers, assigns, conveys and grants a security interest to a

5

continuing lien upon and security interest in and to all of Borrower's now owned or hereafter acquired, created or arising property including any right, title or interest in or to property of any kind whatsoever, whether real, personal or mixed, and whether tangible or intangible, and in each case regardless of where such Property may be located and whether such Property may be in the possession of Borrower, Lender or a third party and shall include any right, title or interest in or to property of any kind whatsoever, whether real, personal or mixed, and whether tangible or intangible and (1) any and all amounts owing to Borrower now or in the future from any merchant processor(s) processing charges made by customers of Borrower via credit card or debit card transactions: and (2) all other tangible and intangible personal property, including, but not limited to: (a) inventory, (b) equipment, (c) investment property, including certificated and uncertificated securities, securities accounts, security entitlements, commodity contracts and commodity accounts, (d) instruments, including promissory notes, (e) chattel paper, including tangible chattel paper and electronic chattel paper, (f) documents, (g) letter of credit rights, (h) accounts, including health care insurance receivables, (i) deposit accounts, (j) general intangibles, including payment intangibles and software, and (k) as-extracted collateral as such terms may from time to time be defined in the Uniform Commercial Code. The collateral includes all accessions, attachments, accessories, parts, supplies and replacements for the collateral, all products, proceeds and collections thereof and all records and data relation thereto [Note ¶ 21].

15.   The Note and Security Agreement are enforceable by remedies such as but not limited to repossession, replevin, judicial foreclosure or prejudgment or provisional ones relating to any collateral, security or property interests of Business and Debtors for debt owed under the Loan [Note ¶ 25] which they ratified by obtaining the Loan and its Funds.

16. On or about the Closing, Debtor executed and delivered a sworn Guaranty of the Note and Security Agreement to Plaintiff, confirming all information in the loan application [Guaranty p. 1] which Business and Debtors ratified by obtaining the Loan.

17. The Guaranty is breached and in default based on breach and default on its terms or any breach of and default on the terms of the Note [Guaranty p. 1].

18. The Guaranty is Debtor's unconditional legal obligation to satisfy the Loan with all others who are liable for it, his estates, executors, administrators, heirs, successors and assigns, such as Co-Debtor who assumed, adopted and ratified it and waived defenses to it aside from payment, which provides:

> In consideration of the loan made by Lender to Borrower, Guarantor hereby *absolutely and unconditionally guarantees both payment of, and collection of, the Guaranteed Debt when due under the terms of the Note. Guarantor will pay the Guaranteed Debt in full, without setoff or counterclaim upon Lender's demand*. [emphasis added] This Guaranty shall not be affected by the genuineness, validity, regularity or enforceability of the Note, or by circumstances relating to the Note that *might otherwise constitute a defense to this Guaranty*. Guarantor acknowledges that there may be more than one Guarantor of the Guaranteed Debt and agrees that, in such circumstances, each Guarantor shall be joint and severally liable for the Guaranteed Debt. [Guaranty ¶ 2].
> This Guaranty is a *continuing and irrevocable* guaranty of the Guaranteed Debt and shall remain in full force and effect until the Guaranteed Debt and any other amounts payable under this Guaranty, are paid in full. [It] shall continue to be effective, or be reinstated, as if such payment had not been made, if at any time any payment of any portion of the Guaranteed Debt is rescinded or must be restored or

7

returned by Lender to Borrower upon the insolvency or bankruptcy of the Borrower or otherwise [It] shall: (i) bind Guarantor and Guarantor's executors, administrators, *successors and assigns*, provided that Guarantor may not assign rights or obligations under this Guaranty without Lender's prior written consent; and (ii) inure to the benefit of Lender and its successors and assign [Guaranty ¶ 3].

*Guarantor and all others* [emphasis added] who become liable for the payment of all or any part of the amounts due under this Note severally waive: (i) presentment and demand for payment; (ii) notice of dishonor, protest and notice of protest, acceleration and intent to accelerate, non-payment and all other notices of any kind, except for notices expressly provided for in this Note; and (iii) any defense in any action or proceeding brought for the obligations due under this Guaranty aside from the defense of payment in full. No notice to or demand on Guarantor shall be deemed to be a waiver of the obligation of Guarantor under this Guaranty 5 or the right of Lender to take further action without further notice to Guarantor [Guaranty ¶ 8].

Guarantor may only assign its rights and obligations under this Note with Lender's written agreement. *This provision is otherwise subject to the corresponding provisions in the Note* [Guaranty ¶ 19].

19.   All obligations and debts owed by Business to Debtors are subordinated, waived or subject to their obligations to satisfy the Loan [Guaranty ¶¶ 4-5] which they adopted and ratified by obtaining the Loan and its Funds.

20.   The Guaranty is governed by Georgia law and all others who are or become liable for or are bound by the Loan are subject to jurisdiction any forum in any action arising from or relating to the Loan [Guaranty ¶¶ 10, 12] which Business and Debtors adopted and ratified by obtaining the Loan and its Funds.

21. The property and assets of Business and Debtor, with all others who are liable for or are bound by the Loan, such as Co-Debtor, are encumbered as its collateral under the Note, Security Agreement and Guaranty, which they ratified, as the Guaranty provides:

> Guarantor agrees that the Guaranteed Obligations shall consist of all obligations of any Borrower under the Note, including: (i) the Principal Note Amount and Loan Guaranty Fee; (ii) Note Interest; (iii) Default Interest; (iv) Late Charges, (v) Insufficient Funds Charges; (vi) *the Security Agreement in the Note, which is secured by Guarantor's property to the same extent as the Borrower's property under the Security Agreement and the provisions of which are hereby incorporated by reference against the Guarantor as if the Guarantor had executed the Security Agreement in the Note;* (vii) any amounts owed as a consequence of a declared Event of Default and acceleration by Lender; and (viii) Lender's other costs and expenses of enforcing the Note including, but not limited to, attorneys' fees, and the costs of any court/arbitration proceeding to enforce the Note against Borrower [Guaranty ¶1].

22. Plaintiff may enforce the Loan as to Business, Debtors and all others who become liable for and are bound under the Guaranty, with its same methods and remedies in the Note and Security Agreement [Guaranty ¶ 11, 14, 20].

23. At the Closing, Business and Debtors executed a Debit Agreement with Business to Plaintiff, authorizing Loan payments from their account into Plaintiff's account. They assumed, adopted and ratified the Loan by making payments on the Loan and by receiving and retaining the Funds.

24.     Defendants assumed, ratified and adopted the Note, Guaranty, Security and Debit Agreements and modifications [Instruments]. They obtained and used the Funds, to maintain or obtain property and assets subject to the Loan, for which they are liable. Business/Co-Debtor are jointly owned and operated by Debtor. They share advertising, websites, offices, property, management and personnel. www.kinglinenutrition.com/careers.html.www.facebook.com/kinglinenutrition/. They are jointly liable for their debts such as the Loan.

25.     The Instruments secure and encumber the property and assets of Defendants such as but not limited to the below as part of their enterprise:

(a)     <u>Any properties owned by Debtor, Co-Debtor and Business.</u>

(b)     <u>Any properties or assets secured by debts of Business and Debtors that were satisfied by the Loan, into which Plaintiff is subrogated such as their Fox Capital Loan for $39,587.00 and Yes Lender Loan for $70,000.00 [Prior Loans].</u>

(c)     These properties and other properties and assets of Defendants are not subject to a homestead or other protection or exemption, waived by the Instruments or by their misconduct, which are subject to jurisdiction here.

(d)     The interests of Business and Debtors in any other business.

(f)     The properties and assets of Business and Debtors are not subject to a homestead or other protection/exemption, which were waived by the Instruments

or their conduct. These properties and assets of Business and Debtors are subject to any UCC-1 or other notice as to the Loan and are subject to jurisdiction here.

26. The Instruments, read together, are the commercial Loan, that "absolutely and unconditionally" promises its "payment and collection" [Note ¶¶ 2, 14, Guaranty ¶¶ 1-3]. Debtors, Business and others are "liable for its amounts due" including Co-Debtor as their successor and assign" who ratified the Loan, to whom it is enforceable [Note ¶¶ 13, 22, Guaranty ¶¶ 3, 8, 19]. They must satisfy it before paying themselves from Business [Guaranty ¶¶ 4-5]. It bars their claims, offsets and defenses except payment [Note ¶ 13, 14, Guaranty ¶¶ 2, 8, 9, 10]. It provides for payment of interest, costs, charges and fees [Note ¶¶ 2, 5, 7, 8, 10, Guaranty ¶¶ 1, 7]. It is enforceable by unlimited remedies including on its debt and lien [Note ¶¶ 21, 25, Guaranty ¶¶ 1, 11, 14, 20]. It was ratified by Business and Debtors who retained the Funds for which they are liable [Note ¶¶ 22, Guaranty ¶¶ 19].

27. Business and Debtors breached and defaulted on the Instruments just after the Closing, failing to disclose their debts or other issues, failing to make payments, obtaining unapproved loans, dissipated, disposed of and impaired property and assets secured by the Loan such as those of Business. This conduct impaired. hindered, delay and prevented enforcement of the Loan, after the

Closing, which was not cured even after demand by Plaintiff. Loan. These matters require equitable relief, for which there is no adequate legal remedy.

28. Plaintiff owns and holds the defaulted Instruments, which has standing to enforce them prior to suit, whose principal balance and value exceeds $76,000.00, with attorney's fees, pre-judgment interest and other charges provided by law and their terms [Note ¶¶ 2, 5, 7, 8, 9, 10, 11, 12, Guaranty ¶¶ 1, 7].

29. Plaintiff reasonably relied upon the representations of Business and Debtors which closed the Loan and paid them the Funds as a result.

30. Business/Debtors ratified the Loan but unjustly retain the Funds at Plaintiff's expense with their property and assets.

31. Business and Debtors are indebted to Plaintiff for the Funds for which their property/assets are secured by the Instruments, of which they had knowledge, who are not prejudiced or subjected to injustice by enforcing the Loan as to them.

32. All conditions precedent to suit to occurred, were fulfilled, or waived, or their occurrence or fulfillment were unnecessary or futile.

## COUNT I:  ENFORCEMENT OF SECURED INSTRUMENTS AS TO ALL DEFENDANTS

33. ¶¶ 1-32 are incorporated.

34. The Instruments are intended to bind all recipients and beneficiaries of the Funds and to secure their property and assets as collateral for the Loan.

35. Business and Debtors ratified and benefitted from the Loan by accepting and retaining its Funds, subject to the terms of the Instruments.

36. The Instruments are secured by all property and assets of Debtors and Business, which they ratified and for which they are jointly obligated but are in breach, due in part to the acts of the other Defendants including the enforcement of the other subordinate loans.

37. Plaintiff requires enforcement of the Instruments as to all Defendants, foreclosing its superior lien in the property and assets of Business and Debtors per the intent of the secured Loan and equitable principles.

38. Plaintiff requires this equitable relief which will not prejudice Defendants for which there is no adequate legal remedy given these matters.

39. Per 28 U.S.C. §§ 2201 and applicable law, Plaintiff requests the Court declare and establish Business and Debtors are jointly subject to the Instruments for which their property and assets are secured as collateral, enforceable as a secured lien, subrogated into the Prior Loans, relating back to the Closing.

## COUNT II:  BREACH OF INSTRUMENTS
## AS TO BUSINESS AND DEBTORS

40. ¶¶ 1-32 are incorporated.

41. Business and Debtors ratified the Instruments by accepting the Funds for which they are liable as co-guarantors and obligors.

42. Business and Debtors breached the Instruments, failed to make payments, did not otherwise comply with them, now in default and due.

43. Plaintiff accelerated the principal balance of its Instruments of which Business and Debtors were given notice or notice was not required or is futile and the Instruments provide for payment of Plaintiff's attorney's fees and costs.

44. Per O.C.G.A. § 13-1-11, Business and Debtors are notified unless all principal, interest and other charges due under the Instruments are paid within 10 days of service of this suit then Plaintiff can enforce and invoke the fees provisions of the Instruments and they will be indebted for Plaintiff's fees and costs.

45. Per O.C.G.A. § 7-4-16, Plaintiff is entitled to prejudgment interest with any charges as provided by the Instruments and as provided by law.

46. Plaintiff demands judgment for its damages on the Instruments as to the Business and Debtors for a principal balance of at least $76,000.00, plus fees, interest, costs and its other charges, plus all just relief such as its other remedies.

## COUNT III: UNJUST ENRICHMENT
## AS TO BUSINESS AND DEBTORS

47.     ¶¶ 1-32 are incorporated.

48.     Business and Debtors induced and encouraged Plaintiff to confer the Funds upon them of which they assumed, adopted and ratified.

49.     Plaintiff provided the Funds to Debtors/Business expecting their repayment, of which they appreciated, consented, benefitted and ratified.

50.     Business and Debtors retained the Funds which should be repaid, who are otherwise unjustly enriched by them at Plaintiff's expense.

51.     Per O.C.G.A. § 7-4-16, Plaintiff is entitled to prejudgment interest and other costs and charges as provided by law.

52.     Per O.C.G.A. § 9-2-7 and applicable law, Plaintiff demands judgment as to Business and Debtors for the Funds, costs and just relief such as its other remedies.

## COUNT IV:  MONEY HAD AND RECEIVED
## AS TO BUSINESS AND DEBTORS

60.     ¶¶ 1-32 are incorporated.

61.     Business/Debtors wrongfully induced payment of the Funds which they received, hold and which rightfully belong to Plaintiff.

15

62. Business/Debtors should not retain and unjustly enrich themselves with the Funds at Plaintiff's expense to which it is entitled in good conscience and equity.

63. Plaintiff made demand for repayment of the Funds upon Business and Debtors which was refused and/or unnecessary and/or futile.

64. Plaintiff demands judgment as to Business/Debtors for the balance of the Funds of at least $76,000.00, costs and just relief, including its other remedies.

## COUNT V: ATTORNEY'S FEES
## AS TO ALL DEFENDANTS

53. ¶¶ 1-32 are incorporated.

54. Defendants acted in bad faith by their misconduct, refusing to resolve these matters, requiring Plaintiff to bring the action and incur costs and fees.

55. Defendants were stubbornly litigious as there was no dispute of their liability at which caused Plaintiff the unnecessary trouble/expense to bring suit.

56. Per O.C.G.A. § 7-4-16, Plaintiff is entitled to prejudgment interest plus any charges provided by the terms of the Instruments.

57. Per O.C.G.A. §13-6-11 and applicable law, Plaintiff demands judgment as to Defendants for its fees, costs and just relief if not otherwise granted.

## **L.R. 5.1 (C) CERTIFICATE OF COMPLIANCE**

Per L.R. 5.1(C), I certify this document was prepared per L.R. 5.1(B) in Times Roman 14-point typeface.

Respectfully submitted this 15th day of April 2021.

By: */s/Paul G. Wersant*
Paul G. Wersant
Georgia Bar No. 748341
3245 Peachtree Parkway, Suite D-245
Suwanee, Georgia 30024
Telephone: (678) 894-5876
Email: pwersant@gmail.com
Attorney for Plaintiff IOU
File No. 191938